UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

**CV 06 6556**

-----------------------------------------------------------------X

PATRICK D. FAIRHURST,

           Plaintiff,

-against-

THE COUNTY OF NASSAU, THE NASSAU COUNTY
POLICE DEPARTMENT, DANIEL B. DOWSETT,
SEAN M. O'DONNELL and "JOHN DOE's Nos. 1-5"
(Names Fictitious, True Names Unknown),

           Defendants.

-----------------------------------------------------------------X

**COMPLAINT**

**PLAINTIFF DEMANDS TRIAL BY JURY**

FILED
IN CLERK'S OFFICE
DISTRICT COURT E.D.N.Y.
★ DEC 08 2006 ★
LONG ISLAND OFFICE

EDWARD R. KORMAN

WALL, M.J.

Plaintiff, PATRICK D. FAIRHURST, by his attorney, PHILIP J. DINHOFER, complaining of the defendants, respectfully sets forth as follows:

## JURISDICTION

1. This action arises under the United States Constitution, particularly the Fourth, Sixth and Fourteenth Amendments, as well as the due process and equal protection clauses to the Constitution of the United States, under federal law, particularly the Civil Rights Act, Title 42, of the United States Code, Section 1983, and under the laws of the State and City of New York.

## THE PARTIES

2. The plaintiffs, PATRICK D. FAIRHURST, is a citizen of the County of Nassau and State of New York, residing at 20 Wesley Ave., Merrick, NY, 11566.

3. The defendant, THE COUNTY OF NASSAU, is a body corporate and politic, duly organized and existing under the laws of the State of New York.

4. At all times mentioned herein, the defendant, THE NASSAU COUNTY POLICE DEPARTMENT, was and still is a subdivision of the defendant, NASSAU COUNTY, subject to the statutes, rules, laws, regulations and ordinances enacted thereof.

5. At all time mentioned herein, the defendants, DANIEL B. DOWSETT and

SEAN M. O'DONNELL, were appointed, employed and acting as police officers of THE NASSAU COUNTY POLICE DEPARTMENT, and assigned to the 5th Precinct, 1655 Dutch Broadway, Valley Stream, NY.

6. At all time mentioned herein, the defendant, "JOHN DOE's Nos. 1-5" names fictitious, true names unknown, were appointed, employed and acting as police officers of THE NASSAU COUNTY POLICE DEPARTMENT, and assigned to the 5th Precinct, 1655 Dutch Broadway, Valley Stream, NY. The true identity of these defendants is known to the defendants THE NASSAU COUNTY POLICE DEPARTMENT and NASSAU COUNTY.

## AS AND FOR A FIRST CAUSE OF ACTION

7. On December 9, 2005 while the plaintiff PATRICK D. FAIRHURST, was lawfully and peacefully at his residence then situated at 159 Meyer Ave., Valley Stream, NY, 11581, he was falsely placed under arrest, handcuffed in the open presence of the plaintiff's friends, family, neighbors and other such persons who had assembled on the scene, removed from the scene and taken into custody by the police, and wrongfully detained at the 5th Precinct against his will and without any explanation being provided for said arrest or the nature of any charges being brought against him.

8. The plaintiff was brought to the 5th Pct., where he was placed into a jail cell and held against his will for many hours, where he was handcuffed, in plain view of all persons thereat, inclusive of his father. Despite the pleas of the plaintiff that he was innocent of the alleged charge(s), the plaintiff was arrested, processed, held against his will for several hours, all to his embarrassment, shame and humiliation.

9. Without any warrant or probable cause therefore the defendants, individually and/or in concert with each other caused the plaintiff to be falsely arrested and wrongfully detained or imprisoned, being taken into custody at his home and held at the 5th Precinct in

Valley Stream, NY. The plaintiff's arrest was conducted in a verbally and emotionally violent and abusive manner, during the course of which defendants, with deliberate indifference emotionally and verbally assaulted, battered and abused the plaintiff; he was handcuffed in plain view of all persons thereat; and Defendants held plaintiff in their custody and restrained him of his liberty in so deliberately indifferent and abusive a manner such that plaintiff suffered from emotional distress, shame and humiliation.

9.5. Thereafter, defendants did maliciously cause plaintiff PATRICK D. FAIRHURST to be prosecuted requiring his retention of counsel, at his own financial cost or at financial cost to the public at large, in defense of the charges wrongfully brought against him thereof. Plaintiff, PATRICK D. FAIRHURST, and his attorney(s) were compelled to appear in Court on several occasions in defense of the charges wrongfully prosecuted against him by the defendants. On or about November 27, 2006 at a proceeding held in open Court the charges against the plaintiff, PATRICK D. FAIRHURST, were dismissed in his favor.

10. That as a result of the conduct of the defendants, the plaintiff, PATRICK D. FAIRHURST was caused to sustain severe injuries, pain and suffering, fear of imminent bodily harm, emotional upset and distress, loss of reputation, loss of employment, loss of earnings, defamation of character humiliation and mental anguish in his public and private life, loss of liberty, deprivation of freedom, denial of due process of the law, denial of equal protection of the law, and deprivation of his civil rights as secured by the Constitutions of the United States, the State and City of New York.

11. The conduct of the defendants deprived the plaintiff of the following rights, privileges and immunities secured to him by the Constitution of the United States:

a. The right of plaintiff to be secure in his home, person and effects against unreasonable search, seizure and arrest under the Fourth and Fourteenth Amendments to the Constitution of

the United States;

 b. The right of plaintiff to be informed of the nature and cause of the accusation against him and to the assistance of legal counsel, secured to him under the Sixth and Fourteenth Amendments to the Constitution of the United States;

 c. The right of plaintiff not to be deprived of life, liberty or property without due process of law, and the right to the equal protection of the laws, secured by the Fourteenth Amendment to the Constitution of the United States;

 d. The right to be and remain free from the deliberate public and private humiliation inflicted upon him by the defendants and free from their verbal and emotionally abusive, cruel, inhuman and unusual punishment, secured by the due process clause of the Fourteenth Amendments to the Constitution of the United States.

 e. The right to be kept free from the unwarranted verbal and emotional abuse and verbally assaultive misconduct of the defendant police officers, including the defendants DANIEL B. DOWSETT, SEAN M. O'DONNELL and all JOHN DOE's.

 f. The right to be kept free from false arrest, wrongful detention and malicious prosecution.

12. As a result of the foregoing acts of the defendants, the plaintiff, PATRICK D. FAIRHURST, was damaged thereby in the sum of THREE MILLION ($3,000,000) DOLLARS.

13. The acts, conduct and behavior of the defendants, individually and/or in concert with each other, were performed knowingly, intentionally, and maliciously, by reason of which the plaintiff, PATRICK D. FAIRHURST, is entitled to an award of punitive damages in the sum of TEN MILLION ($10,000,000.00) DOLLARS.

### AS AND FOR A SECOND CAUSE OF ACTION

14. The infant plaintiff repeats, reiterates and reallege each and every allegation

contained in paragraphs 1 through 13, inclusive, with the same force and effect as if more fully set forth at length herein.

15. On December 9, 2005, defendants, individually and/or in concert with each other, arrested plaintiff, held him in custody and restrained his liberty in a manner that was abusive. This arrest was unlawful, in that no crime had been committed and in that there was no reason or cause for belief that plaintiff had committed any crime. In doing so all the acts and things aforesaid defendants, acted willfully and maliciously.

16. Because of this arrest and malicious prosecution of plaintiff by the defendants, plaintiff was subjected to great indignity and humiliation, pain, distress of mind and body, was prevented from attending to his usual business and was injured in his good name and reputation in the community.

17. As a result of the foregoing acts of the defendants, the plaintiff, PATRICK D. FAIRHURST was damaged thereby in the sum of THREE MILLION ($3,000,000) DOLLARS.

18. The acts, conduct and behavior of the defendants, were performed knowingly, intentionally, and maliciously, by reason of which the plaintiff, PATRICK D. FAIRHURST, is entitled to an award of punitive damages in the sum of TEN MILLION ($10,000,000.00).

## AS AND FOR A THIRD CAUSE OF ACTION

19. The infant plaintiff repeats, reiterates and reallege each and every allegation contained in paragraphs 1 through 18, inclusive, with the same force and effect as if more fully set forth at length herein.

20. On December 9, 2005, without any warrant or probable cause therefore the defendants, individually and/or in concert with each other, falsely arrested and wrongfully imprisoned the plaintiff, taking him into custody at the 5TH Precinct, Valley Stream, New York. The defendants, willfully and intentionally, verbally and emotionally abused and harassed the

plaintiff without provocation and just cause.

21. As a result of the defendants conduct, the plaintiff, PATRICK D. FAIRHURST was severely and seriously sick, sore, lame and disabled and upon information and belief will be permanently injured, has incurred economic loss and special damages and upon information and belief will incur such losses in the future.

22. That the plaintiff, PATRICK D. FAIRHURST was damaged thereby in a sum of THREE MILLION ($3,000,000.00) DOLLARS.

23. The acts, conduct and behavior of the defendants were performed knowingly, intentionally and maliciously, by reason of which the plaintiff, PATRICK D. FAIRHURST, is entitled to an award of punitive damages in the sum of TEN MILLION ($10,000,000.00) DOLLARS.

## AS AND FOR A FOURTH CAUSE OF ACTION

24. The infant plaintiff repeats, reiterates and reallege each and every allegation contained in paragraphs 1 through 23, inclusive, with the same force and effect as if more fully set forth at length herein.

25. That the said violation of civil and constitutional rights, false arrest, malicious prosecution, abuse, defamation, negligent and intentional infliction of emotional distress and resulting injury to the plaintiff was caused solely by reason of the negligence, carelessness and recklessness of the defendants, their agents, servants and employees in the performance of their duties; in failing to fully and properly investigate the facts and circumstances underlying the alleged events which served the predicate for their arrest of the plaintiff, in failing to exercise due care and diligence; in failing to accept and/or listen to the plaintiff or to the plaintiff's rendition of events; in failing to follow established rules, regulations and procedures; in

wrongfully arresting and detaining the plaintiff; in failing to take heed of the circumstances then and there prevailing; in conducting the aforesaid arrest and detention of plaintiff in a deliberately indifferent and emotionally abusive manner; in humiliating and embarrassing the plaintiff in the public generally, in failing to advise the plaintiff of the reason for his arrest or the nature of the charges being brought against him; in causing the plaintiff economic hardship and loss of earnings; in denying the plaintiff the due process of law; in denying the plaintiff the equal protection of the law; in subjecting the plaintiff to cruel, inhuman and unusual punishment; in that the defendant failed to take proper precautions to prevent these occurrences; in failing to provide the plaintiff with safe and or properly trained employees; in failing to properly supervise its employees; in verbally and emotionally abusing the plaintiff; in that the defendant and its employees were negligent in the operation of their police business; in wrongfully conspiring amongst all defendants in such a manner as to deprive plaintiff of his constitutional and civil rights in violation of the laws to the Untied States the State of New York and the County of Nassau; that defendant and its employees failed to take proper precautions to prevent the happening of the incident; in failing to protect the safety and emotional well being of the plaintiff prior to and once he was taken into custody; in treating plaintiff with deliberate indifference to his emotional well being despite his pleas, obvious distress and complaints; in failing to promulgate and enforce proper and safe rules and procedures; in that employees of the defendant failed to take proper precautions to prevent the injuries sustained by the plaintiff; in failing to protect the plaintiff from the abusive behavior of defendant's agents, servants and/or employees and the defendant was otherwise generally negligent under the circumstances.

26. As a result of defendant's agents, servants and/or employees conduct, the plaintiff, PATRICK D. FAIRHURST, was severely and seriously injured, suffered and will continue to suffer in the future, pain and injury, has become sick, sore, lame and disabled and

upon information and belief will be permanently injured, has incurred economic loss and special damages and upon information and belief will incur such losses in the future.

27. As a result of all the foregoing acts of the defendant, the plaintiff, PATRICK D. FAIRHURST, was greatly humiliated and subjected to mental and bodily distress.

28. That the plaintiff, PATRICK D. FAIRHURST, was damaged thereby in the sum of THREE MILLION ($3,000,000.00) DOLLARS.

29. The acts, conduct and behavior of the defendant, were performed knowingly, intentionally and maliciously, by reason of which the plaintiff, PATRICK D. FAIRHURST, is entitled to an award of punitive damages in the sum of TEN MILLION ($10,000,000.00) DOLLARS.

## AS AND FOR A FIFTH CAUSE OF ACTION

30. The plaintiff repeats, reiterates and reallege each and every allegation contained in paragraphs 1 through 29, inclusive, with the same force and effect as if more fully set forth at length herein.

31. The actions of defendants, complained of herein amounted to unlawful discriminatory practices against the plaintiff, in violation of New York Executive Law Section 290, et seq..

32. That by reason of the premises, the plaintiff, PATRICK D. FAIRHURST, was severely and seriously injured, suffered and will continue to suffer in the future, pain and injury, has become sick, sore, lame and disabled and upon information and belief will be permanently injured, has incurred economic loss and special damages and upon information and belief will incur such losses in the future.

33. That the plaintiff, PATRICK D. FAIRHURST, was damaged thereby in the sum of THREE MILLION ($3,000,000.00) DOLLARS.

34. The acts, conduct and behavior of the defendant, were performed knowingly, intentionally and maliciously, by reason of which the plaintiff, PATRICK D. FAIRHURST, is entitled to an award of punitive damages in the sum of TEN MILLION ($10,000,000.00) DOLLARS.

WHEREFORE, plaintiffs demands judgment against the defendants, on the First Cause of Action in a sum of THREE MILLION ($3,000,000.00) DOLLARS and for Punitive Damages in a sum of TEN MILLION ($10,000,000.00) DOLLARS and on the Second Cause of Action in a sum in of THREE MILLION ($3,000,000.00) DOLLARS and for Punitive Damages in a sum of TEN MILLION ($10,000,000.00) DOLLARS on the Third Cause of Action in a sum of THREE MILLION ($3,000,000.00) DOLLARS and for Punitive Damages in a sum of TEN MILLION ($10,000,000.00) DOLLARS on the Fourth Cause of Action in a sum of THREE MILLION ($3,000,000.00) DOLLARS and for Punitive Damages in the sum of TEN MILLION ($10,000,000.00) DOLLARS; and on the Fifth Cause of Action in a sum of THREE MILLION ($3,000,000.00) DOLLARS and for Punitive Damages in a sum of TEN MILLION ($10,000,000.00) DOLLARS, together with the costs, disbursements and reasonably attorneys fees of this action.

Dated: Rockville Centre, New York
December 6, 2006

By: Philip J. Dinhofer, #6940
**PHILIP J. DINHOFER, LLC**
Attorneys for Plaintiff(s)
77 N. Centre Ave. - Suite 311
Rockville Centre, NY 11570
516-678-3500